Warner *v.* Hall.

## WARNER *vs.* HALL.

The legislature not having authorized an appeal to the supreme court from a judgment of a county court, this court cannot issue a writ of *certiorari* to a county court for the purpose of reviewing a judgment rendered in the latter court.

APPLICATION for a writ of *certiorari* to a county court. Warner instituted proceedings before a justice of the peace in the city of San Francisco, against Hall, under the statute of forcible entry and detainer, and recovered judgment against him for restitution to the possession of the premises claimed, and for $180 damages. Hall appealed to the county court of the county of San Francisco, where the judgment of the justice was affirmed. He now applies for a writ of *certiorari*, "to remove into "this court the process, pleadings, proceedings, evidence, ob- "jections, and exceptions of counsel, and the ruling of the court "thereupon, and the judgment rendered in said cause."

*Allen T. Wilson*, for the application.

*By the Court*, BENNETT, J. The constitution has not enume-

rated the courts from whose judgments an appeal will lie to the supreme court, and the statutes have not conferred upon us appellate jurisdiction over judgments of county courts. It is true, the constitution declares that this court shall have appellate jurisdiction in all cases where the matter in dispute exceeds two hundred dollars, and that the statute has empowered us to issue writs of *certiorari* where they may be necessary in the exercise of our jurisdiction. (*Act to organize the supreme court*, passed Feb. 14, 1850, § 7. *Constitution, Art.* 6, § 4.) But the court cannot exercise the jurisdiction conferred by the constitution, until the mode in which it shall be exercised is prescribed by statute. We entertain appeals from the district courts, because the statute has provided the means by which, and defined the manner in which, they may be brought before us and determined. But no such provision has been made in relation to judgments of county courts; and until that is done, I do not see how we can properly review them. The authority to issue writs of *certiorari*, given by the statute above cited, is to be regarded only as auxiliary to the complete jurisdiction of this court over proceedings in the district courts. Thus we may, by virtue of this statute, issue such writs for the purpose of reviewing summary proceedings of the district courts, or of bringing up, in ordinary cases of appeal, matters which do not strictly form a part of the record; and to these, and similar cases, I think our power to issue writs of *certiorari* is limited. My opinion is that the application should be denied.

Ordered accordingly.